UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DANIEL P. RICHMOND ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 04-1333 |
| ) | |
| TERRY McCANN, Warden, Shawnee ) | |
| Correctional Center, et. al. ) | |
| ) | |
| Respondent. ) | |

**O R D E R**

Before the Court is Petitioner Daniel P. Richmond's Motion to Reconsider. For the following reasons, that Motion [#32] is DENIED.

**Background**

On July 21, 2005, this Court dismissed Richmond's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The court found that Richmond was time barred because, measuring from the date of Richmond's conviction, more than year elapsed between the time his conviction became final and his filing of the habeas corpus petition in this court. Richmond now argues that the proper date from which to begin tolling the statute of limitations is February 24, 2004, because his motion relied on the United States Supreme Court case *Banks v. Dretke*, 540 U.S. 668 (2004), which was decided on that day.

**Discussion**

As noted in this court's order dismissing Richmond's Petition, there are statutory time limits which govern whether a district court can entertain a petition for writ of habeas corpus. The present case is covered by 28 U.S.C. § 2244, which states in relevant part:

> (d)(1) A 1 year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented form filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d).

In denying Richmond's Petition, this Court relied only on subsection (d)(1)(A), above. However, in his Motion to Reconsider, Richmond argues that the proper date from which to judge the timeliness of his petition is subsection (d)(1)(C) because his Petition relies on the Supreme Court case of *Banks v. Dretke*, 540 U.S. 668 (2004), which was decided on February 24, 2004. Because Richmond filed his Petition only six months later, if Richmond's analysis is correct, his Petition was indeed timely filed.

However, in order for subsection (C) to be the triggering event for the statute of limitations, the right recognized by the Supreme Court must be *new* and *made retroactive to cases on collateral*

*review.* However, the *Banks* decision is not a new rule sufficient to make an otherwise time barred habeas claim proper. "A case announces a new rule when it breaks new ground or imposes a new obligation on the States or the Federal Government." *Teague v. Lane,* 489 U.S. 288, 301 (1989). The *Banks* decision is not a "new rule" because it did not impose a new obligation on the States or the Federal Government. In *Banks*, the Supreme Court held that the Defendant had suffered a *Brady* violation where the prosecution failed to disclose that one witness was actually a paid informant who lied on the stand and that another witness had been coached extensively by the prosecution. *Id.* at 675–76. *Banks* merely applied the well-settled rule from *Brady v. Maryland* to the facts of Defendant Banks' claim. *See id.* The Brady decision held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady,* 373 U.S. 83, 87 (1963).

In the instant case, Richmond claims that the prosecution denied him evidence that would have cleared him of the charges against him. Therefore, his claim is based on an alleged violation of the *Brady* rule, not the decision in *Banks*. Although both *Banks* and *Brady* could be used as precedent for Richmond's claim, *Banks* did not announce a new rule above and beyond the rule that was set forth in *Brady*. As the Seventh Circuit noted in an unpublished opinion, "*Banks* . . . did not change the legal contours of the *Brady* rule. It simply applied that rule to a particularly egregious set of facts." *Curry v. U.S.,* 125 Fed.Appx. 67 (7th Cir. 2005). Therefore, because *Banks* did not announce a new rule and the *Brady* decision was fully available to Richmond at the time that he was convicted, the *Banks* decision cannot make an otherwise time barred habeas claim timely under 28 U.S.C. § 2244(d)(1)(C).

**Conclusion**

For the reasons set forth above, Richmond's Motion to Reconsider [#32] is DENIED.

ENTERED this 13th day of October, 2005.

                                                     s/ Michael M. Mihm
                                                   Michael M. Mihm
                                                United States District Judge